IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                         ORDER

            Plaintiff,

                                   09-cv-508-bbc

      v.                                 06-cr-105-bbc

TYREESE TAYLOR,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On August 17, 2009, defendant Tyreese Taylor filed a motion pursuant to 28 U.S.C. § 2255, in which he contends that his conviction and sentence are invalid on the ground that he was denied effective assistance of counsel. It is not necessary to determine whether defendant has any basis for his contentions because he has waited too long to file the motion. Defendant was sentenced on November 15, 2006. He appealed his sentence and conviction. On April 3, 2008, the court of appeals affirmed the conviction. Defendant did not petition for a writ of certiorari. Under § 2255, defendant had one year from the date on which "the judgment of conviction [became] final" in which to bring a post conviction motion. The conviction would have become final 90 days after April 3, 2008, or July 2, 2008. Clay v. United States, 537 U.S. 529-30 (2003) (one-year statute of limitations does

1

not begin to run until 90 days after time for filing petition for writ of certiorari has expired, even if defendant does not file such petition). Therefore, defendant had until July 2, 2009, in which to file a § 2255 motion unless he fits within one of the special circumstances in which the time for filing is extended. Defendant has not alleged any facts from which an inference may be drawn that any one of those special circumstances apply in his case, and I am aware of none. Therefore, I must conclude that defendant's August 17, 2009, § 2255 motion is untimely.

## ORDER

IT IS ORDERED that defendant Tyreese Taylor's motion for post conviction relief, filed pursuant to 28 U.S.C. § 2255, is DENIED as untimely.

Entered this 25th day of August, 2009.

BY THE COURT:  
/s/  
BARBARA B. CRABB  
District Judge

2